# Exhibit A

**Andrew M. Morrow, III, Esq., State Bar No. 128300**
**DOWNTOWN L.A. LAW GROUP**
910 S. Broadway
Los Angeles, CA 90015
Tel: (213)389-3765
Fax: (877)389-2775
Email: Andy.morrow@downtownlalaw.com

Attorneys for Plaintiff,
ESTATE OF KAI FINN BERNABE et al.

Electronically FILED by
Superior Court of California,
County of Los Angeles
4/17/2024 9:54 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Khatri, Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| ESTATE OF KAI FINN BERNABE; JASMINE COLEMAN, an individual and successor in interest of Decedent KAI FINN BERNABE; MARK BERNABE, an individual and successor in interest of Decedent KAI FINN BERNABE; LIAM HEYS BERNABE, a minor, by and through his Guardian ad Litem JASMINE COLEMAN and successor in interest of Decedent KAI FINN BERNABE.<br><br>Plaintiffs,<br><br>v.<br><br>OKEFAN, an unknown entity; AMAZON.COM, LLC, a Delaware Limited Liability Company; CITY OF LOS ANGELES, a public entity; COUNTY OF LOS ANGELES, a public entity; and DOES 1-100, inclusive.<br><br>Defendants. | Case No.: 24CHCV01385<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **NEGLIGENT PRODUCT LIABILITY**<br>2. **STRICT PRODUCT LIABILITY – DESIGN AND MANUFACTURING DEFECT**<br>3. **STRICT PRODUCT LIABILITY – FAILURE TO WARN OF DEFECTIVE CONDITION**<br>4. **STRICT PRODUCT LIABILITY – BREACH OF IMPLIED WARRANTY**<br>5. **BREACH OF EXPRESS WARRANTY**<br>6. **NEGLIGENCE – WRONGFUL DEATH**<br><br>[JURY DEMANDED] |

COMES NOW the Plaintiffs, ESTATE OF KAI FINN BERNABE; JASMINE COLEMAN, an individual and successor in interest of Decedent KAI FINN BERNABE; MARK BERNABE, an individual and successor in interest of Decedent KAI FINN

---

1

**COMPLAINT FOR DAMAGES**

Downtown L.A. Law Group
910 S. Broadway
Los Angeles, CA 90015

BERNABE; LIAM HEYS BERNABE, a minor, by and through his Guardian ad Litem JASMINE COLEMAN and successor in interest of Decedent KAI FINN BERNABE, and for causes of action against the Defendants, and each of them, complain and alleges as follows:

1. The relevant events giving rise to Plaintiffs' claims and the conduct of the defendants occurred in the County of Los Angeles. Venue is therefore proper under California Code of Civil Procedure § 395.

2. All of the facts and circumstances complained of herein occurred within the State of California or under circumstances such that this Superior Court has jurisdiction.

3. At all times relevant, Plaintiffs ESTATE OF KAI FINN BERNABE; JASMINE COLEMAN, an individual and successor in interest of Decedent KAI FINN BERNABE; MARK BERNABE, an individual and successor in interest of Decedent KAI FINN BERNABE; LIAM HEYS BERNABE, a minor, by and through his Guardian ad Litem JASMINE COLEMAN and successor in interest of Decedent KAI FINN BERNABE, were and are residents of the County of Los Angeles, State of California.

4. Plaintiff JASMINE COLEMAN, an individual and successor in interest of Decedent KAI FINN BERNABE is the surviving mother of Decedent KAI FINN BERNABE (hereinafter referred to as "Kai"). KAI FINN BERNABE's date of birth is July 17, 2019, and his date of death is April 21, 2023.

5. Plaintiff MARK BERNABE, an individual and successor in interest of Decedent KAI FINN BERNABE is the surviving father of Decedent KAI FINN BERNABE (hereinafter referred to as "Kai"). KAI FINN BERNABE's date of birth is July 17, 2019, and his date of death is April 21, 2023.

6. Plaintiff LIAM HEYS BERNABE, a minor, by and through his Guardian ad Litem JASMINE COLEMAN and successor in interest of Decedent KAI FINN BERNABE is the surviving sibling of Decedent KAI FINN BERNABE (hereinafter referred to as "Kai"). KAI FINN BERNABE's date of birth is July 17, 2019, and his date of death is April 21, 2023.

**COMPLAINT FOR DAMAGES**

7.      Plaintiffs ESTATE OF KAI FINN BERNABE; JASMINE COLEMAN, an individual and successor in interest of Decedent KAI FINN BERNABE; MARK BERNABE, an individual and successor in interest of Decedent KAI FINN BERNABE; LIAM HEYS BERNABE, a minor, by and through his Guardian ad Litem JASMINE COLEMAN and successor in interest of Decedent KAI FINN BERNABE are informed and believe, and based upon such information and belief allege that they are the decedent's lawful heirs, and therefore this complaint does not name any adverse heir in connection with this complaint for wrongful death.

8.      At all times relevant, Defendants OKEFAN, an unknown entity; AMAZON.COM, LLC, a Delaware Limited Liability Company; CITY OF LOS ANGELES, a public entity; COUNTY OF LOS ANGELES, a public entity; and DOES 1-100, inclusive, are and at all times mentioned herein, were public entities, corporations, sole proprietors, shareholders, associations, partners and partnerships, joint ventures, and/or business entities unknown, primarily residing and doing business in the County of Los Angeles, State of California.

9.      The true names and capacities, whether individual, corporate, associate or otherwise of Defendants DOES 1 through 100, inclusive, are unknown to Plaintiffs, who therefore, sues said defendants by such fictitious names under Code of Civil Procedure § 474. Plaintiffs are informed and believe and thereon allege that each of the defendants herein designated as a DOE is negligently responsible in some manner for the events and happenings alleged herein and legally caused the injuries and damages alleged below.

10.     At all times herein mentioned, each defendant was acting in the course and scope of their employment with the other defendants. Defendants are therefore vicariously liable for the acts of each of the remaining defendants herein.

11.     In addition, each defendant was at all times acting as the ostensible agent of the remaining defendants, and was doing so at the behest of and with the approval of those defendants. At all times herein relevant, Plaintiffs reasonably and without negligence relied on the representations made by the defendants about the agency and employment of each of the remaining defendants.

Downtown L.A. Law Group
910 S. Broadway
Los Angeles, CA 90015

**3**

**COMPLAINT FOR DAMAGES**

12. As used throughout, "Product" or "Products" shall refer to the Okefan Glass-Door Child Lock manufactured and/or distributed by Defendant Okefan and purchased from Amazon.com (hereafter "Amazon").

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

13. "Pursuant to the Government Code, any party with a claim against a public entity must first present the claim to the entity; only if the governmental claim is denied or rejected may the claimant then institute civil litigation. (Government Code § 945.4.)"

**ESTATE OF KAI FINN BERNABE**

14. Defendants, CITY OF LOS ANGELES; and DOES 1 through 50, were served with a claim for damages pursuant to Government Code Section 911.2 on or about October 20, 2023 and was rejected on December 8, 2023.

15. Defendants, COUNTY OF LOS ANGELES; and DOES 1 through 50, were served with a claim for damages pursuant to Government Code Section 911.2 on or about October 20, 2023 and was rejected on December 7, 2023.

**JASMINE COLEMAN**

16. Defendants, CITY OF LOS ANGELES; and DOES 1 through 50, were served with a claim for damages pursuant to Government Code Section 911.2 on or about October 20, 2023 and was rejected on December 8, 2023.

17. Defendants, COUNTY OF LOS ANGELES; and DOES 1 through 50, were served with a claim for damages pursuant to Government Code Section 911.2 on or about October 20, 2023 and was rejected on December 7, 2023.

**MARK BERNABE**

18. Defendants, CITY OF LOS ANGELES; and DOES 1 through 50, were served with a claim for damages pursuant to Government Code Section 911.2 on or about October 20, 2023 and was rejected on December 8, 2023.

19. Defendants, COUNTY OF LOS ANGELES; and DOES 1 through 50, were served with a claim for damages pursuant to Government Code Section 911.2 on or about October

Downtown L.A. Law Group
910 S. Broadway
Los Angeles, CA 90015

**4**

**COMPLAINT FOR DAMAGES**

20, 2023 and has not been rejected by an agent for Defendants COUNTY OF LOS ANGELES.

**LIAM HEYS BERNABE**

20.    Defendants, CITY OF LOS ANGELES; and DOES 1 through 50, were served with a claim for damages pursuant to Government Code Section 911.2 on or about October 20, 2023 and was rejected on December 8, 2023.

21.    Defendants, COUNTY OF LOS ANGELES; and DOES 1 through 50, were served with a claim for damages pursuant to Government Code Section 911.2 on or about October 20, 2023 and was rejected on November 30, 2023.

## BACKGROUND FACTUAL SUMMARY

22.    In or about December 20, 2022, Plaintiff Jasmine Coleman (hereafter "Coleman") purchased the product from the Amazon.com website to install as the product advertising and instructions suggested in order to provide an additional safety measure to sliding glass patio doors at the family home. She ordered the Okefan product from Amazon. At all times relevant hereto, Okefan did not have any direct retail connection to United States' markets to sell child safety locks other than through Amazon.

23.    Plaintiffs, including Coleman, during the purchase process did not have any contact with Okefan and her purchase payment was processed by Amazon. Okefan was participating in Amazon's fulfillment program so that the product shipped from an Amazon facility, in Amazon packaging, and with an Amazon return address label. As a result of the sale, Amazon kept a portion of the sale price for itself in accordance with the terms of its agreement with Okefan.

24.    In addition to the ease and security of the purchase on Amazon.com, Plaintiff Coleman was drawn to the Okefan product for its Amazon advertised price, Amazon advertised convenience and ease of installment, Amazon advertised design and durability. But most importantly to her as a mother of small children were its Amazon advertised safety features including: "Child Proof Safety Device- Keep valuable belongings from young children (sic) proof sliding door or hung window with durable and effective lock. This kid

**COMPLAINT FOR DAMAGES**

Downtown L.A. Law Group
910 S. Broadway
Los Angeles, CA 90015

Downtown L.A. Law Group
910 S. Broadway
Los Angeles, CA 90015

stopper has been proven to withstand the pulls and tugs of babies and children, keep doors and windows opened (sic) and safe!""Featured [sic] on safes [sic] includes pry resistant door, durable double layer steel housing and seamlessly welded pry proof steel body for the ultimate prevention against break in." Based on these factors Coleman purchased the locking mechanism. When it arrived, she followed the enclosed operating instructions and installed the locking mechanism on her home's sliding glass doors as intended by the Defendants.

25. On April 21, 2023, the family, including mother and father and the two boys Kai and Liam, age 3, took a nap after an active early morning. The defendants' safety lock on the sliding glass door to the backyard was locked as it always was. Ordinarily the two toddlers would wake their parents up when they got up. But on this day, they didn't. Video footage reveals they left their parents asleep and went to the sliding glass doors leading to the backyard, placed a chair against the glass and the lock failed and unlatched. They proceeded outside where they both entered the water, after playing for a bit. Within minutes Mother can be seen on video coming out to the backyard where she initially saw only Kai and retrieved his unconscious body from the shallow end. She ran into the house and began to perform CPR, yelling to Mark who had been asleep also, that Liam was missing. Mark ran outside and found Liam in the deep end moments later. He immediately called 911 and Los Angeles Fire Department personnel were dispatched to the Plaintiffs' residence. No ambulance however was dispatched because none was assigned to the responding station house and others in the nearby vicinity were not available. Ultimately one did arrive after a grossly unreasonable delay resulting in the death of Kai.

26. At all times relevant, Defendants OKEFAN, an unknown entity; AMAZON.COM, LLC, a Delaware Limited Liability Company; and DOES 1-50, inclusive, designed, built, manufactured, tested, inspected, sold, advertised, distributed, and otherwise introduced into the stream of commerce the Okefan Glass Door Child Lock hereafter "the product".

27. The Los Angeles City Fire Department (hereafter "LAFD") was founded in 1886. As a public entity first responder, members of the Los Angeles public have long come to rely

**COMPLAINT FOR DAMAGES**

Downtown L.A. Law Group
910 S. Broadway
Los Angeles, CA 90015

on its emergency response services in times of crisis from natural disasters to household calamities, reasonably placing their trust in the services it provides to the community.

28. The Product was defectively designed, manufactured, tested, maintained, delivered, inspected, and sold and were in a dangerous condition and unsafe for the uses and purposes for which it was intended.

29. Defendants CITY OF LOS ANGELES, a public entity; COUNTY OF LOS ANGELES, a public entity; and DOES 51-100, inclusive, failed to respond appropriately and without unreasonable delay to the 911 emergency drowning call and, subsequent dispatch requests for an ambulance and other related calls for emergency services.

## FIRST CAUSE OF ACTION

### Negligent Product Liability

### (As to Defendants OKEFAN, an unknown entity; AMAZON.COM, LLC, a Delaware Limited Liability Company; and DOES 1-50, inclusive)

30. Plaintiffs incorporate each and every allegation above as though fully set forth herein.

31. Defendants OKEFAN, an unknown entity; AMAZON.COM, LLC, a Delaware Limited Liability Company; and DOES 1-50, inclusive, were engaged in the manufacture, design, testing, producing, inspecting, vending, distributing, introducing into interstate commerce, transporting in interstate commerce, advertising, selling, installing, and assembling and recommending for use to the general public the Product.

32. Defendants OKEFAN, an unknown entity; AMAZON.COM, LLC, a Delaware Limited Liability Company; and DOES 1-50, inclusive, owed duties of care to actual and potential customers and consumers with respect to the Product. Such duties included but were not limited to: designing, formulating, manufacturing, distributing, selling, and providing the Product in a fashion that was safe to consumers; packaging the Product safely so as to reasonably minimize the potential for injury; labeling and advertising the Product so as to reasonably warn consumers of the potential for danger; and reasonably applying

7

**COMPLAINT FOR DAMAGES**

knowledge and information from past incidents, complaints, studies, observations, reports, experience, investigation and/or other information available generally to provide for the safety of consumers with respect to the Product.

33.     Defendants OKEFAN, an unknown entity; AMAZON.COM, LLC, a Delaware Limited Liability Company; and DOES 1-50, inclusive, knew or should have known that if the Product was not properly and carefully manufactured, designed, tested, maintained, inspected, installed, assembled, delivered, molded, warned, advertised, labeled, and signed prior to its sale or distribution to consumers, and/or if used by any member of the general public, it would be a substantial factor in causing serious and permanent injury to said consumers and members of the general public.

34.     Defendants OKEFAN, an unknown entity; AMAZON.COM, LLC, a Delaware Limited Liability Company; and DOES 1-50, inclusive,  negligently and carelessly manufactured, designed, tested, maintained, inspected, installed, assembled, delivered, molded, labeled, warned, advertised, signed and sold the Product such that it was in a dangerous and defective condition and unsafe for the use and purposes for which it was intended, namely to withstand the pulls and tugs of babies and children and keeping the glass sliding door secured and locked as intended.

35.     The condition of the Product was known to Defendants, and each of them, or should have been discovered by them, and each of them, through the exercise of ordinary care and reasonable diligence, but was not disclosed or made known to purchasers or users of the Product, including, the Plaintiffs.

36.     At all times herein mentioned, purchasers or users of the Product had no knowledge of the defective condition of the Product, of any danger in the use of the Product, or that it could not be used for its intended purpose of intended to withstand the pulls and tugs of babies and children and keeping the glass sliding door secured and locked.

37.     In doing the acts alleged in this Complaint, Defendants OKEFAN, an unknown entity; AMAZON.COM, LLC, a Delaware Limited Liability Company; and DOES 1-50, inclusive, violated statutes, rules, standards, regulations, and/or guidelines applicable to

Downtown L.A. Law Group
910 S. Broadway
Los Angeles, CA 90015

**8**

**COMPLAINT FOR DAMAGES**

Defendants' conduct, including laws and regulations relating to the manufacture, distribution, and sale of the Product and similar items.

38.   The injuries and damages to Plaintiffs described fully herein, were a direct and legal result of the violations of these statutes, rules, regulations, standards, and guidelines by Defendants.

39.   The statutes, regulations, standards, and guidelines violated by Defendants were drafted, written, and designed to prevent the type of incidents and injuries that occurred in this case, and Plaintiffs are among the class of persons the statutes, regulations, standards, and guidelines were designed to protect.

40.   As a direct and proximate legal result of the negligence and carelessness of the Defendants, and each of them, Plaintiffs suffered severe shock and injuries to their person. Plaintiffs were also injured in their health, strength, and activity, all to Plaintiffs' general damages in a sum which will be shown according to proof.

41.   As a further direct and legal result of the negligence and carelessness of the Defendants, and each of them, Plaintiffs were compelled to and did incur expenses for medical care, hospitalization, nursing and attendant care and other incidental expenses and will have to incur additional lifetime expenses in the future including prospective care and assistance, all in amounts presently unknown to Plaintiffs. Plaintiffs therefore will seek leave of court either to amend this complaint so as to show the amount of the medical expenses, when ascertained, or to prove the amount at the time of trial.

42.   The negligence and carelessness of the Defendants was a substantial factor in causing the injuries and damages alleged above.

**SECOND CAUSE OF ACTION**

**Strict Product Liability- Design and Manufacturing Defect**

**(As to Defendants OKEFAN, an unknown entity; AMAZON.COM, LLC, a Delaware Limited Liability Company; and DOES 1-50, inclusive)**

43.   Plaintiffs incorporate each and every allegation above as though fully set forth herein.

9

**COMPLAINT FOR DAMAGES**

Downtown L.A. Law Group
910 S. Broadway
Los Angeles, CA 90015

44.     At the time that the Product left the control of Defendants OKEFAN, an unknown entity; AMAZON.COM, LLC, a Delaware Limited Liability Company; and DOES 1-50, inclusive, the Product was dangerous and defective as a result of design, manufacture, alteration, or modification by Defendants. The defects included, but are not limited to locking mechanism deficiencies which do not withstand the pulls and tugs of babies and children and keeping the glass sliding door secured, despite claims of "pry proof" construction.

45.     At all times relevant, Defendants, and each of them, knew and intended that the Product would be purchased, rented, leased and operated by members of the general public who would rely on Defendants to safely design, manufacture, market and distribute the Product in a safe manner and to transmit any relevant warnings about the Product.

46.     At the time of the incident giving rise to this Complaint, the Product was being used in a manner and fashion that was foreseeable by Defendants, and each of them, and in a manner in which the Product was intended to be used to wit securing the glass windows to which it was attached.

47.     Defendants manufactured and designed the Product defectively and knew or had reason to know its manufacture or design was defective, or both, causing the Product to fail to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner.

48.     In addition, the risks inherent in the design of the Product outweigh any benefits of that design.

49.     As a legal result of the aforementioned dangerous and defective condition of the Product, and failures by the Defendants to warn as alleged hereinabove, Plaintiffs were injured and suffered damage as alleged.

50.     At all times relevant, Defendants, and each of them, intentionally failed to conduct adequate testing and modify the door with actual and/or constructive knowledge of the tampering risk from continuing and ongoing consumer complaints both on its website and in social media, that renders the door lock accessible by a small child with just a bit of force

**COMPLAINT FOR DAMAGES**

despite being advertised as "pry proof". In so doing, Defendants engaged in conduct which exposed the user of the products to a serious potential danger known to the Defendants, and each of them, which decision was based on their choice to advance their own pecuniary interest over the safety of consumers. As such, this conduct was an act in conscious disregard of the safety of persons such as Plaintiffs, constituting malicious and oppressive conduct such that it presents the proper circumstance for the imposition of punitive and exemplary damages, in such amount according to proof at trial.

## THIRD CAUSE OF ACTION

### Strict Product Liability- Failure to Warn of Defective Condition

### (As to Defendants OKEFAN, an unknown entity; AMAZON.COM, LLC, a Delaware Limited Liability Company; and DOES 1-50, inclusive)

51.     Plaintiffs incorporate each and every allegation above as though fully set forth herein.

52.     The Product was in a dangerous and defective condition when introduced into the stream of commerce by the Defendants. The Product was so defective that when used in a way that was reasonably foreseeable, the potential risks of the Product created a substantial danger to users of the Product and others, and could and would cause those serious injuries.

53.     The Product had potential risks that were known or knowable by the use of general, scientific and anecdotal knowledge available at the time of manufacture, distribution, and sale of the Product. Defendants knew, or in the exercise of reasonable care, should have known that the potential or inherent risks presented a substantial danger to users of the Product because Defendants possessed special knowledge of the materials, design, character, and assemblage of the Product. Plaintiff and ordinary consumers would not recognize, nor have knowledge that the Product was dangerous and defective.

54.     Although possessed of special knowledge of the potential risks and substantial danger to users of the Product and others, Defendants failed to adequately warn or instruct of the potential risks and dangerous and defective conditions of the Product.

**COMPLAINT FOR DAMAGES**

55.     Plaintiffs were harmed and suffered the injuries and damages alleged as a result of Defendants' failure to adequately warn. The lack of sufficient warning or instructions was a substantial factor in causing Plaintiffs' harm.

**FOURTH CAUSE OF ACTION**

**Strict Product Liability- Breach of Implied Warranty**

**(As to Defendants OKEFAN, an unknown entity; AMAZON.COM, LLC, a Delaware Limited Liability Company; and DOES 1-50, inclusive)**

56.     Plaintiffs incorporate each and every allegation above as though fully set forth herein.

57.     At relevant times herein, Defendants marketed, manufactured, promoted, distributed or sold the Product for use by the public at large, including the Plaintiff. Defendants knew the use for which their Product was intended and represented or impliedly warranted the Product to be of merchantable quality, and safe and fit for its intended uses.

58.     Defendants had a duty to exercise reasonable care in the research, development, design, testing, manufacture, inspection, labeling, distribution, marketing, promotion, sale, and release of the Product.

59.     Plaintiffs purchased and made a decision to use the Product, and reasonably relied upon Defendants and its agents to disclose known defects, risks, dangers, and side effects of the Product.

60.     Plaintiffs had no knowledge of the falsity or incompleteness of the Defendant's statements and representations concerning the Product when Plaintiff purchased the Product as researched, developed, designed, tested, manufactured, inspected, labeled, distributed, marketed, promoted, sold, and otherwise released into the stream of commerce by Defendants.

61.     Defendants had sole access to material facts concerning the defects, and Defendant knew that users, such as Plaintiff, could not have reasonably discovered such defects.

62.     By the conduct alleged, Defendants impliedly warranted to Plaintiff that the Product was merchantable and fit for the purpose intended.

12

**COMPLAINT FOR DAMAGES**

63.    Defendants breached this warranty in designing, manufacturing, selling, and distributing the Product in a dangerous and defective condition and in failing to warn Plaintiffs and purchasers of the Product of these defects.

64.    As a direct result of the conduct of the Defendants, Plaintiffs have suffered and continue to suffer serious and permanent physical, and emotional injuries, have expended and will continue to expend large sums of money for medical care and treatment, have suffered and will continue to suffer economic loss, and have otherwise been physically and economically injured.

## FIFTH CAUSE OF ACTION

### Breach of Express Warranty

**(As to Defendants OKEFAN, an unknown entity; AMAZON.COM, LLC, a Delaware Limited Liability Company; and DOES 1-50, inclusive)**

65.    Plaintiffs incorporate each and every allegation above as though fully set forth herein.

66.    Defendants OKEFAN, an unknown entity; AMAZON.COM, LLC, a Delaware Limited Liability Company; and DOES 1-50, inclusive, expressly and by advertising, warranted and represented to the general public and toPlaintiffs, and each of them, that the Product was reasonably fit for the purpose for which it was intended, namely to withstand the pulls and tugs of babies and children and keeping the glass sliding door secured.

67.    Plaintiff reasonably relied on those warranties and representations. The Product did not conform to the representations made by Defendants and was not fit for the purpose for which it was intended. When used in a normal and usual manner, the Product caused the serious personal injuries to Plaintiffs more fully set forth above.

68.    Defendants' breach of their express warranties were a substantial factor in causing the injuries as alleged above.

///

///

///

**COMPLAINT FOR DAMAGES**

Downtown L.A. Law Group
910 S. Broadway
Los Angeles, CA 90015

## SIXTH CAUSE OF ACTION

### NEGLIGENCE - WRONGFUL DEATH

**(As to Defendants CITY OF LOS ANGELES, a public entity; COUNTY OF LOS ANGELES, a public entity; and DOES 51-100, inclusive)**

69.    The preceding paragraphs of this Complaint are incorporated by reference.

70.    Defendants CITY OF LOS ANGELES, a public entity; COUNTY OF LOS ANGELES, a public entity; and DOES 51-100, inclusive, had an affirmative legal duty to provide timely emergency response services in times of crisis from natural disasters to household calamities, including Plaintiffs.

71.    Since its founding, members of the Los Angeles public, have come to rely on Defendant's emergency "first responder" capabilities placing their trust in the services it provides to the community, including Plaintiffs, in particular when summoned to their home on April 21, 2023, in response to the 911 emergency drowning call, and subsequent emergency dispatch requests.

72.    Defendants CITY OF LOS ANGELES, a public entity; COUNTY OF LOS ANGELES, a public entity; and DOES 51-100, inclusive, breached its duty of care for the protection of Plaintiff when Defendant failed to provide reasonable and timely emergency response services to the Plaintiffs the day of the incident.

73.    California Government Code Section 815. 6 states that" Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty."

74.    Defendants CITY OF LOS ANGELES, a public entity; COUNTY OF LOS ANGELES, a public entity; and DOES 51-100, inclusive, are liable for any breach of said duties by its employees, agents, servants and/ or joint ventures  under the legal theory of respondeat superior, as provided under California Government Code Sections 815. 2 and 820.

**COMPLAINT FOR DAMAGES**

Downtown L.A. Law Group
910 S. Broadway
Los Angeles, CA 90015

75.    Pursuant to Government Code Section 815.2(a), Defendants CITY OF LOS ANGELES, a public entity; COUNTY OF LOS ANGELES, a public entity; and DOES 51-100, inclusive, and each of them, are vicariously liable for injuries to Plaintiffs caused by the acts, omissions, and/or breach of the duty of care of its employees.

76.    Pursuant to Government Code Section 815.4, Defendants CITY OF LOS ANGELES, a public entity; COUNTY OF LOS ANGELES, a public entity; and DOES 51-100, inclusive, and each of them, are vicariously liable for injuries to Plaintiffs caused by the acts, omissions, and/or breach of the duty of care of its independent contractors.

77.    Pursuant to Government Code Section 820, Defendants CITY OF LOS ANGELES, a public entity; COUNTY OF LOS ANGELES, a public entity; and DOES 51-100, inclusive, and each of them, are vicariously liable for injuries to Plaintiffs caused by the acts, omissions, and/or breach of the duty of care of its employees.

78.    As a direct result of the breach of their affirmative duty to protect Plaintiff from physical or psychological injury by reasonably and appropriately responding to the subject premises, the malfeasance and/or nonfeasance of Defendants, and each of them, resulting in substantial and unreasonable delay in treating and transporting young Liam to lifesaving medical care was the proximate or legal cause of Kai's death and Plaintiff's injuries.

79.    The conduct of Defendants, and each of them, was a substantial factor in causing Plaintiff's harm.

80.    As a result of the conduct of Defendants, and each of them, the Plaintiffs were physically and psychologically damaged, incurred medical bills, sustained disability and had to retain an attorney and has incurred legal costs in connection therewith in order to prosecute this action.

81.    As a legal, direct and proximate result of the reckless and negligent conduct of Defendants, Plaintiffs have sustained damages resulting from the loss of love, affection, society, service, comfort, support, right of support, expectations of future support and counseling, companionship, solace and mental support, as well as other benefits and assistance of Decedent, all to their general damages in a sum in excess of the jurisdictional

**COMPLAINT FOR DAMAGES**

limits of this Court, which will be stated according to proof, pursuant to Section 425.10 of the California Code of Civil Procedure.

WHEREFORE, Plaintiffs pray for judgment against the Defendants, and each of them, as follows:

1.    For general damages according to proof as to all Plaintiffs;

2.    For loss of earnings, medical expenses, and all incidental expenses according to proof as to all Plaintiffs;

3.    For interest from the date of accident to the time of judgment;

4.    For costs of suits incurred herein;

5.    For exemplary or punitive damages; and

6.    For such other and further relief as the Court deems proper.

DATED:  April 16, 2024                          **DOWNTOWN L.A. LAW GROUP**

Andrew M. Morrow, III, Esq.
Attorneys for Plaintiffs,
ESTATE OF KAI FINN BERNABE et al.

## JURY TRIAL DEMANDED

Plaintiffs demands trial by jury of all issues so triable.

DATED:  April 16, 2024                          **DOWNTOWN L.A. LAW GROUP**

Andrew M. Morrow, III, Esq.
Attorneys for Plaintiffs,
ESTATE OF KAI FINN BERNABE et al.

Downtown L.A. Law Group
910 S. Broadway
Los Angeles, CA 90015

**COMPLAINT FOR DAMAGES**